IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COM., LLC, ) | |
| *formerly known as* ) | |
| FORD MOTOR CREDIT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  1:11cv570-CSC |
| ) | (WO) |
| LEROY MEDFORD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

In this action, the plaintiff, Ford Motor Credit Company, LLC, ("Ford Motor Credit"), alleges that defendants Leroy Medford and Lavern Medford[1] have failed to honor guaranties issued by them to secure financing after defendant Medford Ford, Inc. ("Medford Ford") defaulted on its contractual obligations to Ford Motor Credit.  Ford Motor Credit further alleges that defendants Leroy and Lavern Medford entered into a fraudulent scheme to divert assets and proceeds of defendant Medford Ford to defendant Medford Interiors and Antique Marketplace, LLC ("Medford Interiors").  The court has jurisdiction of this claim pursuant to its diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

---

[1] Although Mrs. Medford is identified in the complaint as Verna Medford, in her affidavit in support of her motion for summary judgment, her name is spelled, and signature reads, Lavern Medford.

This action is now pending before the court on defendants' Lavern Medford and Medford Interiors' second motion for summary judgment filed on June 4, 2012. (Doc. # 38). After being given an opportunity to respond, the plaintiff has filed nothing in response to the motion for summary judgment.[2] For the reasons that follow, the court concludes that defendants Lavern Medford and Medford Interiors' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][3] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[2] The plaintiff filed, on July 12, 2012, a motion to dismiss defendants Lavern Medford and Medford Interiors voluntarily, and without prejudice. The defendants object to a dismissal without prejudice. Because the court concludes that the defendants' motion for summary judgment is due to be granted, the motion to dismiss is due to be denied as moot.

[3] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party

3

is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children &*

*Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

5

## II.  FACTS

The following facts are undisputed.  Defendant Lavern Medford is married to co-defendant Leroy Medford who previously owned two automobile dealerships, Medford Lincoln-Mercury, Inc. and Medford Ford, Inc.  Plaintiff Ford Motor Credit providing floor-plan financing for the automobile dealerships.  Both dealerships ceased operations, and their assets were liquidated to satisfy their indebtedness to Ford Motor Credit.  After liquidation, each dealership owed a deficiency to Ford Motor Credit.

Also after liquidation, Lavern Medford reentered the work force and opened Medford Interiors to earn a living.  Medford Interiors is a limited liability company and Lavern Medford is the sole member of the company.  Lavern Medford used her personal assets to form Medford Interiors.  She did not use or transfer any assets or property belonging to Medford Ford for the benefit of Medford Interiors. She also denies that she engaged in any scheme to convey or secrete any assets of the dealerships to her or her company.

## III.  DISCUSSION

In support of the motion for summary judgment, defendant Lavern Medford filed an affidavit in which she asserts that although she is married to co-defendant Leroy Medford, she was not involved in the activities of him or defendant Medford Ford. (Doc. # 38, Ex.A at 1).  She also asserts that no assets or property of Medford Ford were transferred to defendant Medford Interiors. (*Id*.).

The plaintiff alleges no facts and makes no argument in response to the defendants'

motion for summary judgment. Ford Motor Credit does not point to or otherwise provide the court with any evidence to substantiate its allegations against these defendants. In fact, Ford Motor Credit filed nothing in opposition to the motion for summary judgment. Because Ford Motor Credit has failed to respond to the defendants' motion for summary judgment, the facts as alleged by Lavern Medford are admitted as true. *See Patton v. City of Hapeville, Ga.*, 162 Fed. Appx. 895, 896 (11th Cir. 2006). Consequently, the court concludes that Ford Motor Credit has failed to demonstrate that there exists any "genuine [dispute] as to any material fact," regarding its claims against these defendants. Their motion for summary judgment is due to be granted, and defendants Lavern Medford and Medford Interiors are entitled to judgment as a matter of law. *See Greenberg*, 498 F.3d at 1263.

## IV.  CONCLUSION

For the reasons as stated, it is

ORDERED and ADJUDGED as follows:

1.     That defendants Lavern Medford and Medford Interiors' motion for summary judgment (doc. # 38) be and is hereby GRANTED.

2.     That the claims against defendants Lavern Medford and Medford Interiors be and are hereby DISMISSED with prejudice, and these defendants be and are hereby DISMISSED from this action.

3.     That plaintiff Ford Motor Credit's motion to dismiss (doc. # 43) be and is hereby DENIED as moot.

4.      That this case shall proceed in accordance with the scheduling order previously entered on September 27, 2011, against the remaining defendants.[4]

Done this 2nd day of August, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[4] In response to the plaintiff's motion to dismiss, the defendants assert that only remaining claims are against Leroy Medford because Medford Ford, Inc. has filed bankruptcy and has been dismissed as a defendant in this case. (Doc. # 45 at 4). Although Medford Ford, Inc.'s bankruptcy case was closed, this defendant has not yet been dismissed from this action. Consequently, at this juncture, this case will proceed against Leroy Medford and Medford Ford.